# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:21-CV-575-FDW-DCK

| | |
|---|---|
| AFFINITY TOOL WORKS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| HANGZHOU GREAT STAR INDUSTRIAL CO., LTD., and GREAT STAR INDUSTRIAL USA LLC, | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Leave To Effect Alternative Service On Defendant" (Document No. 6). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

## BACKGROUND

Plaintiff Affinity Tool Works, LLC ("Plaintiff" or "Affinity Tool") initiated this action with the filing of its "Complaint For Patent Infringement" (Document No. 1) (the "Complaint") on October 26, 2021. Plaintiff alleges infringement of U.S. Patent Nos. 9,815,177 ( the "'177 Patent") and 10,987,782 (the "'782 Patent") (collectively "Asserted Patents") by Hangzhou Great Star Industrial Co., Ltd ("Hangzhou Great Star") and Great Star Industrial USA, LLC ("Great Star USA") (together "Defendants"). (Document No. 1, pp. 1-2).

"Plaintiff is a privately-owned global tool company based in Troy, Michigan" that "manufactures and sells various power tool accessories." (Document No. 1, p. 2). Plaintiff alleges

that "Defendants have infringed and continue to infringe, directly and indirectly, the Asserted Patents by making, using, offering to sell, selling and importing into the United States, without authority, circular saw guides that infringe one or more claims of each of the Asserted Patents." (Document No. 1, p. 3). Hangzhou Great Star is a Chinese company organized and existing under the laws of China, with a principal place of business in Hangzhou, China. (Document No. 1, pp. 3-4). Great Star USA is a domestic subsidiary of Hangzhou Great Star, organized under the laws of the State of North Carolina, with a principal place of business in Huntersville, North Carolina. (Document No. 1, p. 4).

"Plaintiff's Motion For Leave To Effect Alternative Service On Defendant" (Document No. 6) and "Plaintiff's Brief In Support…" (Document No. 7) were filed December 9, 2021. By the pending motion, Plaintiff seeks leave to serve the Summons and Complaint on Defendant Hangzhou Great Star through its U.S. counsel and/or its U.S. subsidiary Great Star USA. (Document No. 6, p. 1).

On or about December 28, 2021, the Court received a letter/response (Document No. 11) to "Plaintiff's Motion …" from attorney Scott D. Eads ("Eads"). Mr. Eads states that he wrote "to apprise the Court of relevant authority not mentioned in Affinity's legal memorandum, and to explain why the proposed service on [Mr. Eads] and/or [Great Star USA] would be inappropriate." (Document No. 11). "Plaintiff's Reply…" (Document No. 15) was filed on January 6, 2022; and Mr. Eads' second letter / supplemental authority (Document No. 16) was received by the Court on or about January 10, 2022.

On January 3, 2022, Defendant Great Star USA filed its "…Answer, Affirmative Defenses, And Counterclaims To Complaint For Patent Infringement" (Document No. 13) and its "…Corporate Disclosure Statement" (Document No. 14). The Corporate Disclosure Statement

2

notes that Great Star USA's "ultimate parent company is Hangzhou Great Star Industrial Co., Ltd., and no publicly held corporation owns 10% or more of its stock." (Document No. 14).

On February 10, 2022, the Court issued an Order allowing the parties' "Joint Motion To Stay Initial Attorney's Conference" (Document No. 24). (Document No. 25). The undersigned granted the motion and stayed the Initial Attorney's Conference until resolution of the pending "…Motion For Leave To Effect Alternative Service On Defendant" (Document No. 6). Id.

"Defendant Great Star Industrial USA LLC's Answer, Affirmative Defenses, And Amended Counterclaims To Complaint For Patent Infringement" (Document No. 26) was filed on February 14, 2022. The "Answer Of Affinity Tool Works To The Amended Counterclaims…" (Document No. 29) was filed on March 7, 2022.

The pending motion is ripe for review and disposition.

## DISCUSSION

In support of its motion, Plaintiff contends that Fed.R.Civ.P. 4(f)(3) "expressly provides that a Court may authorize service on a foreign individual 'by other means not prohibited by international agreement.'" (Document No. 6, p. 1) (quoting Fed.R.Civ.P. 4(f)(3)). Plaintiff further contends that service by email on counsel for Defendant Hangzhou Great Star or on its subsidiary, Great Star USA, is not prohibited by the Hague Convention, and "will avoid the potential for one to two years' delay, and will satisfy due process by affording Defendant reasonable notice and opportunity to respond." Id.

Plaintiff reports that its counsel has "recently consulted with Mr. Scott Eads, the U.S. attorney representing [Hangzhou Great Star] in connection with the asserted patents and accused products." Id. Mr. Eads has "indicated that Defendant does not consent to the requested relief." Id.

3

"Plaintiff's Brief In Support…" notes that Mr. Eads has affirmatively stated that he is representing Hangzhou Great Star in connection with the asserted patents. (Document No. 7, p. 2) (citing Document No. 7-1, p. 2). Moreover, "Mr. Eads has been representing Hangzhou Great Star in discussions concerning the asserted patent and accused products since at least June 2018." (Document No. 7, p. 5) (citing Document No. 7-1). On November 7, 2021, Mr. Eads indicated that he had authority to "waive service of the summons pursuant to FRCP (d)" as to Great Star USA, but was not "authorized to waive service of a summons for co-defendant Hangzhou Great Star Industrial Co., Ltd." (Document No. 7-2, p. 2); see also (Document No. 7, p. 2).

Plaintiff contends its proposed alternative service is supported by a recent decision of the Federal Circuit Court of Appeals. (Document No. 7, p. 2) (citing OnePlus Technology (Shenzen) Co. Ltd., 2021 WL 4130643 (Fed. Cir. Sept. 10, 2021)). In addition, Defendant asserts that "neither The Hague Convention – nor any other international agreement – prohibits service on a foreign corporation through its U.S. counsel, in-house counsel, or a wholly-owned U.S. subsidiary." (Document No. 7, p. 4) (citing In re LDK Solar Secs. Litig., 2008 WL 2415186, at *3 (N.D. Cal. June 12, 2008) (allowing service on six Chinese defendants through California subsidiary)).

The response from Mr. Eads outlines three main arguments in opposition to Plaintiff's request. (Document No. 11).

First, Mr. Eads notes that the Hague Convention, "of 15 November 1965" supports China's requirement that "all documents and evidence to be served must be written in Chinese or that a translation in Chinese be attached thereto." (Document No. 11, pp. 1, 4) (citation omitted).

Second, Mr. Eads argues that Plaintiff has not attempted service pursuant to the procedures in the Hague Convention, and must show that "alternative service is warranted based on necessity,

4

not expediency." (Document No. 11, p. 2) (quoting South Carolina v. Hitachi Displays, Ltd., 2013 WL 4499149, at *2 (D.S.C. Aug. 20, 2013)).

Finally, Mr. Eads contends that Fed.R.Civ.P. 4(f)(3) cannot provide the relief Plaintiff seeks. (Document No. 11, p. 3). Mr. Eads notes that language from Rule 4(f) states that a foreign individual "may be served at a place **not within any judicial district of the United States**." Id. Mr. Eads seems to conclude that the Rule, therefore, precludes service *within* the United States. Id. (citations omitted). Mr. Eads further contends that service in compliance with the Hague Convention is mandatory where a Chinese defendant's physical address is known. Id.

In its "…Reply To The December 23, 2021 Letter Of Outside Counsel For Defendant Hangzhou Great Star…," Plaintiff contends that each of Mr. Eads' arguments have been "**previously rejected** by the Honorable Graham Mullen in *Celgard v. Shenzen Senior Technology Material Co*, 2020 WL 2575561 (W.D.N.C. Charlotte Division May 21, 2020)." (Document No. 15, p. 1). Plaintiff notes that "[t]he Opposition Letter fails to address much less mention this decision," although Plaintiff's pending motion and brief in support also fail to mention Judge Mullen's decision. (Document No. 15); see also (Document Nos. 6 and 7).[1]

Relying on Celgard, Plaintiff argues: (1) Rule 4(f) does not denote any hierarchy of preference for one means of service over another; (2) a plaintiff is not required to attempt service under the Hague Convention before requesting alternative service; (3) the Hague Convention does not appear to prohibit email service; and (4) Judge Mullen found that service would not be complete when U.S. counsel receives an email – rather, U.S. counsel functions as a mechanism to

---

[1] Plaintiff later criticizes Mr. Eads for not citing Enovative Tech, LLC v. Leor, 662 Fed.Appx. 212 (4th Cir. 2015) even though Plaintiff also failed to previously cite that case or Title Trading Services USA, Inc. v. Kundu, 3:14-CV-225-RJC-DCK, 2014 WL 4053571 (W.D.N.C. Aug. 15, 2014) – two cases relied upon by the Celgard decision.

5

transmit service on defendants in China.  (Document No. 15, p. 2) (citing Celgard v. Shenzen, 3:20-CV-130-GCM, 2020 WL 2575561, at *1-3 (W.D.N.C. May 20, 2020)).  Plaintiff notes that Judge Mullen also opined that "'the task of determining when the particularities and necessities of a given case require alternative service … under Rule 4(f)(3)' is committed 'to the sound discretion of the district court.'" (Document No. 15, p. 2) (citing Celgard, 2020 WL 2575561, at *3) (quoting Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1015 (9th Cir. 2002)).

In addition, Plaintiff argues that its claims against Hangzhou Great Star should not be delayed while it is forced to defend counterclaims related to the underlying patents' validity from Great Star USA.  (Document No. 15, pp. 3-4) (citing Document No. 13); see also (Document No. 26).  Plaintiff further argues that it should not be required to proceed pursuant to the Hague Convention where "extensive delay is certain" due to the Covid-19 pandemic and citywide shutdowns in China.  (Document No. 15, p. 4).

Mr. Eads has submitted a second letter to assert that the Celgard and Enovative Techs. cases do not support Plaintiff's arguments for alternative service.  (Document No. 16).  In part, Mr. Eads argues that the "conduit" theory adopted in Celgard, whereby a U.S. counsel or subsidiary serves as a conduit for delivering service of materials to China, "would plainly violate international law."  Id.  According to caselaw cited by Mr. Eads, "the Supreme Court has made clear that service using the Hague Convention procedure is mandatory if materials must be transmitted abroad to carry out service."  Id.  (quoting Noco Co. v. Liu Chang, 2019 WL 2135665, at * 2) (citing Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 705 (1988) (holding that "compliance with the Convention is mandatory in all cases to which it applies.")).

Mr. Eads also contends that Enovative Techs. does not help Plaintiff because that case involved service on a defendant in Thailand, and Thailand is not a signatory to the Hague Convention. (Document No. 16, p. 2).

After careful consideration of the arguments and cited authority, the undersigned is persuaded that service on Defendant Hangzhou Great Star through Great Star USA and Scott Eads is appropriate and will provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Volkswagenwerk Aktiengesellschaft, 486 U.S. at 705 (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

In short, the undersigned finds Plaintiff's arguments and cited authority to be more compelling. In fact, some of the cases relied on by Mr. Eads seem to better support Plaintiff's position. For example, in Volkswagenwerk Aktiengesellschaft v. Schlunk, the Supreme Court held that the Hague Convention did not apply, and that service on a foreign corporation's domestic subsidiary was proper. 486 U.S. at 707-708. Notably, the Supreme Court did opine that even though use of the Hague Convention procedures was not required in that case, the "Convention provides simple and certain means by which to serve process on a foreign national" . . . and that "parties that comply with the Convention ultimately may find it easier to enforce their judgments abroad." Id. at 706.

In NOCO Co. v. Liu Chang, also cited by Mr. Eads, the court opined that

> [if] the address of the person to be served is unknown **or** if service can be effected without transmitting service documents abroad (e.g. by serving a U.S. subsidiary or U.S. counsel), the use of Hague Convention procedures is only preferred, not mandatory. In such cases, a court may authorize service by alternative means under Rule 4(f)(3).

7

NOCO Co. v. Liu Chang, 2019 WL 2135665, at *3 (N.D.Ohio May 16, 2019) (emphasis added) (citing Stream SICAV v. Wang, 989 F. Supp. 2d 264, 277–80 (S.D.N.Y. 2013) (authorizing service of a corporate subsidiary's executive who lived in China through service of the subsidiary's U.S. parent company and its counsel, as this substitute service did not trigger the requirements of the Hague Convention) and In GLG Life Tech Corp. Sec. Litig., 287 F.R.D. 262, 267 (S.D.N.Y. 2012) (authorizing service of a CEO living in China through the service of his company's U.S. counsel and its U.S. registered agent and explaining that "[u]se of these methods would not run afoul of the Hague Convention since in both instances no documents would be transmitted abroad")).

Mr. Eads' letters state multiple times that use of the Hague Convention is "mandatory *if* documents must be transmitted abroad to effect service." (Document No. 11, p. 3; Document No. 16, pp. 1-2) (emphasis added). However, Mr. Eads does not argue that documents must be transmitted abroad here; nor does Plaintiff directly address whether documents must be transmitted abroad to effect service. See (Document Nos. 11 and 16). Although Hangzhou Great Star's address in China appears to be known by Plaintiff, Mr. Eads has offered little, if any, reasoning why service cannot be effected on him and/or Great Star USA without needing to transmit documents to China.

Mr. Eads' main criticism of the Celgard decision is that it required the U.S. counsel or subsidiary to be "a conduit for delivering service materials to China." (Document No. 16, p. 1). However, if service is effective in the United States as allowed in Volkswagenwerk Aktiengesellschaft and other cited cases, then the "conduit theory" seems to be mooted.

Plaintiff's citation to In Re: OnePlus Technology (Shenzen) Co., Ltd., 2021 WL 4130643 (Fed. Cir. Sept. 10, 2021) as "all-but-identical" factually to this case, and supportive of alternative service, is very persuasive. (Document No. 7, pp. 2, 5). In OnePlus, the Federal Circuit upheld

8

Case 3:21-cv-00575-FDW-DCK   Document 30   Filed 05/18/22   Page 8 of 10

the district court's decision to grant leave for alternative service on a Chinese company by serving attorneys in the U.S. who had represented OnePlus in the past, and its authorized agent in California. OnePlus, 2021 WL 4130643, at *1. The Federal Circuit noted that the "district court authorized alternative service because it regarded the Hague Convention procedure as slow and expensive." Id. at *3. Although the Federal Circuit's decision acknowledged that other district courts might require "a showing that the plaintiff has reasonably attempted to effectuate service on the defendant by conventional means," it still upheld the underlying decision allowing alternative service noting the "broad discretion accorded to district courts in determining whether to grant relief under Rule 4(f)(3)." Id. at *3-4.

The undersigned also finds this Court's decision in Title Trading Services USA, Inc. v. Kundu, 3:14-CV-225-RJC-DCK, 2014 WL 4053571 (W.D.N.C. Aug. 15, 2014) to be instructive. In that case, this Court held that alternative service through email and/or defendant Kundu's U.S. counsel would not violate an international agreement and comported with due process requirements. Kundu, 2014 WL 4053571 at * 2-3. Even though defendant Kundu was a citizen of India, a signatory to the Hague Convention, Judge Conrad found that alternative service was appropriate. Id.

Another instructive decision is Magma Holding, Inc. v. Ka Tat Au-Yeung, 2020 WL 5877821 (D.Nev. Oct. 2, 2020) where the court held that

> service by email upon United States-based counsels for third-party defendants and plaintiffs—do not implicate the Hague Convention because they do not involve the transmission of judicial documents for service abroad. Instead, [defendant/third-party plaintiff] would be sending an email from the United States to counsel in the United States. Thus, under these service methods, [defendant/third-party plaintiff] would not be transmitting judicial documents for service abroad, and the Hague Convention would not apply.

Magma Holding, Inc., 2020 WL 5877821, at * 5.

Noting Plaintiff's compelling arguments and legal authority, the Court's delay in reaching this motion, and the possibility of further delays in China and/or the United States due to the on-going pandemic, the Court finds in its discretion that Plaintiff's requested relief should be allowed. Such alternative service of process under Fed.R.Civ.P. 4(f)(3) comports with due process requirements, and does not appear to violate an international agreement. See Kundu, 2014 WL 4053571 at * 2-3.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion For Leave To Effect Alternative Service On Defendant" (Document No. 6) is **GRANTED**. Plaintiff shall serve process on Defendant Hangzhou Great Star Industrial, Ltd.'s through its counsel in the United States, and through its subsidiary Great Star Industrial USA, LLC, on or before **June 10, 2022**.

**IT IS FURTHER ORDERED** that the parties shall file a Certification Of Initial Attorney's Conference pursuant to Local Rule 16.1 on or before **June 24, 2022**.

**SO ORDERED**.

Signed: May 18, 2022

David C. Keesler
United States Magistrate Judge