# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:21-CV-575-FDW-DCK

| | |
|---|---|
| AFFINITY TOOL WORKS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) **PROTECTIVE ORDER** |
| HANGZHOU GREAT STAR INDUSTRIAL CO., LTD., and GREAT STAR INDUSTRIAL USA LLC, | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Entry Of Protective Order" (Document No. 42) filed February 14, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

**IT IS, THEREFORE, ORDERED** that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. Counsel for any party[1] may designate any document or information contained in a document as provided herein if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Subject to the requirements herein, information and documents may be designated by a party as "CONFIDENTIAL;" "HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY;" or "HIGHLY CONFIDENTIAL—OAEO

---

[1] As used herein, the term "party" includes any third party that produces information requested by any party to this lawsuit, such as through a subpoena. A party issuing a subpoena to any third party shall serve therewith a copy of this Protective Order.

PROSECUTION BAR MATERIAL." Information or documents designated as "CONFIDENTIAL," HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—OAEO PROSECUTION BAR MATERIALS" is referred to collectively herein at times as "designated information" and/or "designated documents".

2. To effect one of the above designations, the party shall stamp each page of a designated document with the applicable legend from the foregoing list, if practical to do so. Otherwise, the party shall designate the materials in any manner that is reasonably calculated to apprise the receiving party of the designation.

3. Any party may designate documents, testimony, written responses, or other materials that are produced by a third party as to which that party asserts a claim of ownership or other protectable interest.

4. For testimony given in deposition or in other pretrial or trial proceedings, any question or testimony which describes or discusses a document which has been designated hereunder shall also be designated and treated as having the same designation as the document described or discussed. Within twenty-one (21) days after receipt of the final transcript of any testimony in this case, a party or the witness may also designate as "Confidential," "Highly Confidential—Outside Attorneys' Eyes Only," or "Highly Confidential—OAEO Prosecution Bar Material" any portions of the transcript that the party or witness contends discloses protectable information. Unless otherwise agreed or ordered by the Court, all deposition transcripts shall be treated as "Highly Confidential—OAEO Prosecution Bar Material" until the expiration of the twenty-one-day period.

5. The parties shall give the other parties reasonable advance notice if they reasonably expect any deposition, hearing or other proceeding to include designated information— specifically including whether they expect the proceeding to include "Highly Confidential— OAEO Prosecution Bar" material—so that other parties can ensure only authorized individuals are present at those proceedings.

6. Unless otherwise ordered by the Court, or otherwise provided for herein, all non-

public documents, testimony, and other materials produced in this case, including without limitation designated information, will be held and used by the person receiving such information solely for use in connection with the above-captioned action and any other judicial, administrative, arbitral, or mediation proceedings between the parties relating to the subject matter of this proceeding, and shall not be used by any party for any other business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through proper means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

7. In the event a party challenges another party's confidentiality designation, counsel shall make a good faith effort to resolve the dispute (including a good faith assessment of whether redaction is a viable alternative to complete non-disclosure), and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. In that event, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court. Nothing in this Protective Order constitutes an admission by any party that designated information disclosed in this case is relevant, admissible, confidential, or non-confidential. Except for in connection with a motion to determine whether this Protective Order covers information or documents for which a party disputes another party's designation, no party may introduce into evidence in any proceeding the fact that another party designated or failed to designate information or documents as provided herein.

8. Each party specifically reserves the right to object to the use or admissibility of any designated information disclosed, and to oppose any discovery request therefor, in accordance with applicable law.

9. The inadvertent failure to designate a document, testimony, or other material prior

to disclosure shall not operate as a waiver of the party's right to later designate the material as provided herein. The receiving party and its counsel shall not disclose such documents, materials, or information if, notwithstanding the absence of a confidentiality designation, that party or counsel knows or reasonably should know that the producing party intended to maintain the documents, materials, or information in question as confidential. Promptly after receiving notice from the producing party of a claim of confidentiality, and upon request, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure, if any, of the designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

10. Information or documents designated as "Confidential" shall not be disclosed to any person, except for the following under conditions of confidentiality at least as stringent as those contained herein:

   a. Outside counsel of record for the parties who have responsibility for the preparation and trial of this litigation, and the administrative staff of such outside counsel assigned to and necessary to assist in the litigation;

   b. Up to five (5) employees of the requesting party including, but not limited to, in-house counsel, provided that such employees are required in good faith to provide assistance in the conduct of this litigation, and who have signed the acknowledgement and agreement to be bound;

   c. Independent consultants or expert witnesses retained by a party or its attorneys solely for purposes of assisting counsel and a party in this litigation, and their employees, who have signed the acknowledgement and agreement to be bound;

   d. The Court and its personnel;

   e. The authors and the original recipients of the documents;

   f. Any court reporter or videographer reporting a deposition; and

   g. Persons (including employees of vendors) who are engaged by the parties for outside litigation support relating to this action, including for copy services, electronic

discovery services, microfilming or database services, contract attorney services, trial support, jury consultant services, mock juries, graphics, sample analysis or testing, and/or translation, but only to the extent necessary to support outside counsel or otherwise further this litigation.

11. Use of the "Highly Confidential—Outside Attorneys' Eyes Only" designation shall be limited to documents detailing non-public technical aspects of a party's products, processes, or methods, including non-public documents related to product designs, specifications, manufacturing methods or processes, or product testing, as well as documents related to non-public aspects of customer relationships including customer names, vendor information including vendor names, and business information, including, but not limited to, information pertaining to financial data and products in development, as well as non-public financial information.

12. Use of the "Highly Confidential—OAEO Prosecution Bar Material" designation shall be limited to non-public documents and information relating to (1) the design or operation of a party's products that are not currently available to the public and that may be offered in the future; or (2) non-public processes, methods, standards, or product testing pertaining to any of a party's products.

13. Use of the "Confidential" designation shall be limited to all other documents for which counsel determines, in good faith, that such designation is advisable to protect the interests of their client.

14. Use and disclosure of any information, documents, or portions of documents designated "Highly Confidential—Outside Attorneys' Eyes Only" or "Highly Confidential—OAEO Prosecution Bar Material," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 10(a), 10(c), 10(d), 10(e), 10(f), and 10(g) under conditions of confidentiality at least as stringent as those herein, unless additional persons are stipulated by counsel or authorized by the Court.

15. Absent written consent from the producing party, any individual who receives access to "HIGHLY CONFIDENTIAL—OAEO PROSECUTION BAR MATERIAL"

information shall not be involved in the prosecution of patents or patent applications relating to straight edge clamps or other products of the type in dispute in this action, or in the prosecution of any patent or application claiming priority to or otherwise related to the patents asserted in this action (including without limitation divisional, continuation, continuation-in-part, reissue, and reexamination applications), before any foreign or domestic agency, including the United States Patent and Trademark Office.

16. To ensure compliance with the purpose of this provision, each party shall put into place a screen sufficient to ensure that persons involved in prosecution of such patents or patent applications shall not have direct or indirect access to any documents or information designated under this Protective Order as "HIGHLY CONFIDENTIAL—OAEO PROSECUTION BAR MATERIAL." For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, discussing, reviewing, advising, or otherwise affecting the scope or maintenance of patent or patent application claims. For the avoidance of doubt, "prosecution" as used in this paragraph does not include representing a party in a proceeding involving a challenge to a patent before a domestic or foreign agency, including, without limitation, a reissue protest, *ex parte* reexaminations, *inter partes* reexaminations, post grant reviews, or *inter partes* reviews. The "Prosecution Bar" set forth in this paragraph shall begin when access to "HIGHLY CONFIDENTIAL—OAEO PROSECUTION BAR MATERIAL" information is first received by the affected individual and shall end two (2) years after final termination of this action.

17. Prior to disclosing or displaying designated information to any person, counsel shall:

   a. Inform the person of the confidential nature of the information or documents; and
   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

18. Designated information may be disclosed to persons identified in Paragraph 10(b) and (c) only on the condition that prior to any such disclosure, each such person shall be asked to

sign an agreement to be bound by this Order in the form attached as Exhibit A.

19.     Additionally, no later than ten (10) days prior to the disclosure of any designated information to persons listed in paragraphs 10(b) or 10(c), counsel for the party intending to disclose such information shall provide to the designating party the identities and roles of the persons to whom such disclosure will be made, along with a copy of their current curriculum vitae in the case of independent experts or consultants, and a copy of Exhibit A hereto signed by each person so identified, so that the designating party may object to the disclosure and/or seek relief from the Court, as appropriate.

20.     For the purpose of Paragraph 10(d), it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents. However, whenever designated information is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 10 and 14, as appropriate, for that portion of the deposition, hearing, or pre-trial proceeding.

21.     Except in the event that the requesting party disputes the claim, any documents the producing party deems to have been inadvertently disclosed and to be subject to the attorney-client privilege or the work-product protection shall be, upon written request, promptly returned to the producing party, or destroyed, at the inadvertently disclosing party's option. If the claim is disputed, a single copy of the materials may be retained by the requesting party for the exclusive purpose of seeking a judicial determination of the matter pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502.

22.     Within thirty (30) days after the request of the producing party or third party (such request made after the entry of a final judgment no longer subject to appeal on the merits of this case, or after the execution of any agreement between the parties to resolve amicably and to settle this case), the parties and any person authorized by this Protective Order to receive designated

information, however designated, shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Any returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel, and a party requesting the return of materials shall pay the reasonable costs of accommodating that request. Notwithstanding the foregoing, outside counsel for a party may retain archival copies of all hearing transcripts, pleadings, discovery requests, contentions, and submissions to the court, as well as of work product documents incorporating designated information. The non-disclosure obligations imposed by this Protective Order shall continue to apply to such archival copies.

23. Nothing in this Protective Order shall bar counsel from rendering advice to their clients with respect to the litigation and, in the course thereof, relying upon, without disclosing, any information designated hereunder.

24. Nothing in this Protective Order shall be construed to prevent disclosure of designated information if such disclosure is required by law or by order of a Court.

25. The restrictions on disclosure and use of designated information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

26. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

**SO ORDERED**.

Signed: February 16, 2023

_____
David C. Keesler
United States Magistrate Judge

**STIPULATED AND AGREED**:

| | |
|---|---|
| **HIGGINS & OWENS, PLLC** | **MCDERMOTT IP LAW** |
| By: */s/ Sara W. Higgins* | By: */s/ Richard M. McDermott* |
|     Sara (Sally) W. Higgins |     Richard M. McDermott, NCSB No. 21201 |
|     N.C. Bar No. 22111 |     MCDERMOTT IP LAW |
|     524 East Blvd. |     2108 South Blvd, Suite 104 |
|     Charlotte, NC 28209 |     Charlotte, NC 28203 |
|     Telephone: 704-366-4607 |     Telephone: 704.451.2126 |
|     Facsimile: 704-749-9451 |     Email: rick@mcdermottiplaw.com |
|     Email: shiggins@higginsowens.com | |
| |     Scott D. Eads, admitted *pro hac vice* |
|     H. Jonathan Redway, |     Jason A. Wrubleski, admitted *pro hac vice* |
|      admitted *pro hac vice* |     SCHWABE, WILLIAMSON & WYATT, P.C. |
|     DICKINSON WRIGHT PLLC |     1211 SW 5th Avenue, Suite 1900 |
|     International Square Building |     Portland, OR 97204 |
|     1825 Eye Street N.W., Suite 900 |     Telephone: 503.222.9981 |
|     Washington, D.C. 20006 |     Email: seads@schwabe.com |
|     Telephone: 202-457-0160 |            jwrubleski@schwabe.com |
|     Email: jredway@dickinson-wright.com | |
| | *Attorneys for Defendants* |
| *Attorneys for Plaintiff* | |

# EXHIBIT A

I, _____, declare and state as follows:

1. I am employed as _____ by or on behalf of _____.

2. I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled <u>Affinity Tool Works, LLC v. Hangzhou Great Star Industrial Co., Ltd. et al.</u>, Case No. 3:21-CV-575-FDW-DCK (W.D.N.C) have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—OAEO PROSECUTION BAR MATERIAL" are confidential by Order of the Court.

3. I have received and reviewed a copy of the Protective Order entered in this matter, and I agree to be bound by its terms.

4. Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person except as set forth in the Protective Order, and I further agree not to use any non-public information provided to me in connection with this matter for any purpose other than this litigation.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Western District of North Carolina with respect to enforcement of the Protective Order. I further acknowledge that any improper or unauthorized disclosure or use of any designated information in any manner contrary to the provisions of the Protective Order will cause the disclosing party irreparable harm for which

monetary damages are an inadequate remedy, and therefore in the event of any such disclosure or use the disclosing party shall be entitled to equitable relief against me, including specific performance and injunctive relief, without the requirement of posting bond or other security.

6. (Experts and consultants only.) I disclose the following companies for whom I have worked over the past five (5) years, whether as an employee, independent contractor, or consultant, in the field of power tools and power tool accessories: _____

_____

_____. I hereby agree that, to the extent I have an opportunity to be retained or employed by any company to perform services related to power tools or power tool accessories during the pendency of the above-referenced litigation, then I will immediately disclose that information to the parties in advance of accepting such employment.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: _____

SIGNED: _____

PRINTED NAME: _____

11